IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL LEWIS, #B-52564, )
)
    Plaintiff, )
)
vs. ) CASE NO. 10-cv-566-MJR
)
JAMES S. FENOGLIO, )
C. BROOKS, )
PHILLIP MARTIN, )
LOUIS SHICKER,
SARAH JOHNSON,
MICHAEL RANDLE,

    Defendants.

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

On July 30, 2010 Plaintiff filed with this Court a 56-page complaint (Doc. 1). This complaint details allegations against 6 separate Defendants, and is supplemented with 206 pages of exhibits.

Rule 8(a)(2) requires a 'short and plain statement of the claim showing that the pleader is entitled to relief.' In addition, Rule 8(e)(1) states that '[e]ach averment of a pleading shall be simple, concise, and direct.' The primary purpose of these provisions is rooted in fair notice: Under Rule 8, a complaint 'must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.' *Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir.) (citations omitted), *cert. denied,* 510 U.S. 868, 114 S. Ct. 193, 126 L. Ed. 2d 151 (1993); *see also Jennings v. Emry,* 910 F.2d 1434, 1436 (7th Cir. 1990) (stating that a complaint 'must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search' of what it is the plaintiff asserts). A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation.

1

*Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994). *See also Conley v. Gibson*, 355 U.S. 41, 48 (1957); *Dausch v. Rykse*, 52 F.3d 1425, 1430 (7th Cir. 1994).

The Court finds that Plaintiff's complaint does not provide a short and plain statement of the claim, as it requires the Court and Defendants "to forever sift through its pages" to determine which allegations are made against each Defendant. *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990). Proceeding with this pleading also "makes it difficult for . . . defendant[s] to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation." *Vicom,* 20 F.3d at 775-76. Furthermore, separate, unrelated claims belong in different suits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). *See generally* FED.R.CIV.P. 20(a)(2).

In addition, at this stage of the litigation, voluminous exhibits are unnecessary. Therefore, if he files a new complaint, Plaintiff should refrain from filing unnecessary exhibits.

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) is **STRICKEN** for non-compliance with Rule 8(a) of the Federal Rules of Civil Procedure. Plaintiff is **GRANTED** leave to refile his complaint in compliance with this Memorandum and Order by **APRIL 18, 2011**. Should Plaintiff wish to refile his complaint within the allotted time, it is strongly recommended that he use the forms designed for use in this District for such actions.

**IT IS FURTHER ORDERED** that any new complaint shall present each claim in a separate count, and each count shall specify, *by name*, each Defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant. Again, Plaintiff is **ADVISED** to *include only related claims* in his new complaint. Claims found to be unrelated will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed. To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to return to Plaintiff the a copy

of his complaint with all accompanying exhibits (Doc. 1), and to send to Plaintiff the form used to file a proper § 1983 complaint. Any new complaint or supplement filed by Plaintiff that is not in strict compliance with this order shall be **STRICKEN**.

Upon conclusion of the twenty-one day period, should Plaintiff fail to refile his complaint in strict compliance with this Memorandum and Order, this case will be closed for failure to comply with an order of this Court. FED.R.CIV.P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

**IT IS SO ORDERED.**

**DATED: March 28, 2011**  **/s/ MICHAEL J. REAGAN**
**U.S. DISTRICT JUDGE**